May 26, 2015

Office Of The Clerk
Court of Criminal Appeals
Post Office Box 12308
Austin, Texas 78711

Re: Ex Parte Martin Allen Draughon, Trial Habeas No. 463,729B;
Ex Parte Martin Allen Draughon, Trial Habeas No. 463,728B;
Ex Parte Martin Allen Draughon, Trial Habeas No. 463,727B.

Dear Clerk:

I am enclosing for filing my 'pro se' "Applicant's Objections To Trial Court's Findings Of Fact And Conclusions Of Law" in trial cause numbers 463,729B, 463728B, and 463727B.

These cases are from Harris County, Texas, the 338th Judicial District Court. On April 24, 2015 the 338th Judicial District Court signed three orders adopting proposed fact findings and conclusions of the State. The clerk was ordered by the trial court to prepare a transcript of papers in these habeas cases and transmit the transcripts to this Court. The transcripts from Harris County should be on file with your office by this date.

Please file the enclosed "objections" and present same to the Justices of the Court of Criminal Appeals.

Very truly yours,

Martin Allen Draughon, Applicant
347 East Whitney, Apt. H
Houston, Texas 77022

Cc: file
Enclosures

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 01 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AT AUSTIN, TEXAS

EX PARTE MARTIN ALLEN DRAUGHON,        )

                                       )     WRIT NUMBER_____

APPLICANT                              )

APPLICANT'S OBJECTIONS TO TRIAL COURT'S
FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW habeas applicant Martin Allen Draughon, and files these "objections" to the

Findings of Fact and Conclusions of Law signed by the Judge Presiding of the 338th Judicial

District Court of Harris County, Texas in trial court habeas cause 463,729-B, on April 24, 2015.

BACKGROUND

1. Applicant filed his instant application for post-conviction relief, pursuant to Article 11.07,

Tex. Code Crim. Proc. during July, 2011. In his 'application' the Applicant pleads verified facts

demonstrating that his Sixth and Fourteenth Amendment Rights were violated when he

entered an involuntary and unintelligent plea of guilty due to the ineffective assistance of his

defense counsel. Applicant entered the guilty plea on or about July 16, 1987, to the charge of

aggravated sexual assault, and was sentenced to thirty-nine (39) years imprisonment.

2. On August 9, 2013 the Respondent filed a response, and requested the trial court to order

Applicant's former defense counsel, Wilford A. Anderson, to file an affidavit within thirty days

of the signing of the court's order in this regard. The trial court signed the order on September

23, 2013. However, attorney Anderson was contemptuous of the court's said order, and failed to file an affidavit within thirty days, and in fact for over a year. Applicant then filed a "Motion For The Court To Accept Applicant's Findings Of Fact And Conclusion Of Law," and in light of attorney Anderson's continuing refusal to comply with the court's September 23, 2013 order. The trial court failed to rule on Applicant's 'motion'.

3. During early May, 2015, Applicant received from the Harris County, Texas District Clerk an order signed by the trial court, dated April 24, 2015, in which the trial court adopted the State's Proposed Findings of Fact, Conclusions of Law and Order in cause number 463,729-B.

4. The trial court's April 24, 2015 order adopting the State's proposed findings and conclusions states, at page 1 thereof as follows, in pertinent part: "The Court further finds that the facts asserted in the credible affidavit of Wilford A. Anderson filed in this cause are true. . ."

5. The Applicant never received, from any source, any purported copy of an 'affidavit' that may have been filed by attorney Wilford A. Anderson prior to the trial court's said April 24, 2015 order of adoption, nor has Applicant subsequently received, from any source, a copy of any such 'affidavit'. Due to the omission, Applicant's due process and equal protection rights under the Fourteenth Amendment to the United States Constitution, as well as under Article I, Sections 3, 3a and 19 of the Texas Constitution, where violated in that Applicant was denied his 'right' to receive a copy of such 'affidavit', to examine it and challenge its contents and veracity in the trial court during the course of the habeas proceedings.

Rule 21, et. seq. of the Texas Rules of Civil Procedure, as well as Article 11.07, mandate that every pleading, motion, document filed by a part be duly served on the opposing party. Rule 21a(h), Tex.R.Civ.Proc. provides that a party may offer proof that it did not receive a particular

2

document, and a court may grant such relief as it deems just. Applicant offers such proof, in the form of this instant 'verified pleading', that he did not receive, from any source, any affidavit that may have been filed by attorney Wilford A. Anderson. Consequently, Applicant objects to any consideration by this Court of any affidavit that may have been filed by attorney Wilford A. Anderson in support of the trial court's findings of fact and conclusions of law.

6. Applicant further pleads that there has been a break-down in the adversarial and fact-finding processes in the trial court which has violated the due process and equal protection rights of the Applicant.

Prior to the filing of the instant 'application' attorney Wilford A. Anderson had been adjudged to have rendered the ineffective assistance of counsel in related criminal cause number 463,658 in his defense of the Applicant at bar. Following the State's filing of its "State's Proposed Findings Of Fact, Conclusions Of Law And Order," on April 23, 2015, the trial court adopted the State's findings and conclusion the following day, on April 24, 2015, and in doing so 'credited' an affidavit from Wilford A. Anderson not based on the independent judgement of the trial court, but on the basis of the State's representation that Mr. Anderson was credible under the circumstances. There is no indication in the Court's order of adoption that the court has ever had opportunity to judge the credibility of Wilford A. Anderson in any context. Yet this Court speaks of the state trial (habeas) judge as the collector of evidence, the fact-finder who resolves disputed fact issues because the trial judge is in the unique position of being able to observe and judge the credibility of witnesses in a habeas proceeding. Ex Parte Reed, 271 S.W. 3d 698 (Tex Crim. App. 2008).

3

The Supreme Court of the United States speaks of the 'right' of a habeas applicant to a full and fair opportunity for factual development, in <u>Boumediene v. Bush</u>, 553 U.S. 723, 790-91 (2008). There can be no full and fair hearing when, as at bar, the credibility of the attorney whose representation is being challenged is predetermined as a foregone conclusion, without any indication that the trial judge has any knowledge of the attorney, and where the attorney's 'affidavit' is never received by the Applicant. The procedures that were employed in Applicant's case make a mockery of the spirit and intent of Article 11.07 and a fact-finding procedure designed to produce just results.

7. Applicant further <u>objects</u> to the following findings of fact as contained in the trial court's adopting Order of April 24, 2015:

"Prior to accepting the applicant's guilty plea in cause 463729 the trial court admonished the applicant as required by law."

"The applicant failed to demonstrate that the prosecutor engaged in any form of misconduct or coercion which resulted in the applicant's guilty plea in cause number 463729."

"The applicant's allegation concerning his purported pre-trial solitary confinement for twenty one days does not present a challenge related to the fact or length of the applicant's current confinement."

"The applicant was legally competent to stand trial and to plead guilty in cause number 463729."

"Trial counsel discussed with the applicant of the possibility of and the circumstances allowing for withdrawing his guilty plea, but the applicant never expressed a desire to withdraw his plea."

"The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel."

"The applicant's guilty plea was knowingly and voluntarily entered."

"The applicant has failed to demonstrate that his conviction was improperly obtained."

4

See "Findings Of Fact, Conclusion Of Law And Order," of April 24, 2015, at p. 2. The entire fact-finding procedure was inadequate to protect the rights of the Applicant and to result in reliable findings of fact worthy of crediting by this reviewing Court.

Wherefore, premises considered, this Court should reject the findings of fact and conclusions of law entered by the trial court on April 24, 2015, and enter an order remanding this case back to the trial court for an in-court evidentiary hearing, with service upon the Applicant of any 'affidavit' filed by attorney Wilford A. Anderson.

<u>VERIFICATION</u>

I hereby declare under penalty of perjury that the foregoing facts are true and correct. 28 U.S.C. 1746.

Respectfully submitted,

MARTIN ALLEN DRAUGHON, Applicant
347 East Whitney, Apt. H
Houston, Texas 77022

5

## CERTFICATE OF SERVICE

I, Martin Allen Draughon do hereby certify that a true and correct copy of the foregoing and within has been served on the Respondent by placing same in the United States Mail, first-class postage prepaid, addressed to Baldwin Chin, Assistant District Attorney, 1201 Franklin, Suite 600, Houston, Texas 77002 on this the 26 day of May, 2015.

MARTIN ALLEN DRAUGHON, Applicant
347 East Whitney, Apt. H
Houston, Texas 77022